IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01267-GPG

RICHARD R. CORTEZ,

    Applicant,

v.

K. KLINE, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

Applicant, Richard R. Cortez, is a prisoner in the custody of the Colorado Department of Corrections (CDOC) at the Kit Carson Correctional Center in Burlington, Colorado.  He has filed a [Second] Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 6).  Mr. Cortez challenges the validity of his convictions and sentence imposed in the District Court of Arapahoe County, Colorado. He has paid the $5.00 filing fee.

On August 25, 2015, Magistrate Judge Gordon P. Gallagher directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  Respondents submitted a Pre-Answer Response on September 8, 2015.  (ECF No. 10).  Applicant did not file a Reply by the court-ordered deadline.

The Court construes Applicant's filings liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991).   However, the court should not act as an advocate for *pro se* litigants.   See *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss this action as untimely.

## I.  Background and State Court Proceedings

In October 2002, Mr. Cortez was convicted of kidnapping, first degree burglary, attempted aggravated robbery and menacing, in Arapahoe County District Court Case No. 01CR2418, and was sentenced to a prison term of 64 years.   (ECF No. 6 at 2).   On direct appeal, the Colorado Court of Appeals affirmed Applicant's convictions in *People v. Cortez*, 04CA2550 (Colo. App. Nov. 1, 2007) (unpublished), but vacated the sentences imposed for kidnapping and attempted aggravated robbery, as well as the consecutive aspect of the burglary sentence, and remanded the case for resentencing.   (ECF No. 10-3 at 2).

On remand, the trial court resentenced Mr. Cortez to an aggregate 64-month sentence.   (ECF No. 10-1 at 18).   The Colorado Court of Appeals affirmed in *People v. Cortez*, 09CA0267 (Colo. App. July 8, 2010) (unpublished).   (ECF No. 10-3).   Applicant's petition for certiorari review was denied by the Colorado Supreme Court on November 8, 2010.   (ECF No. 10-12).

Mr. Cortez filed a motion for post-conviction relief in the state district court, pursuant to Colo. Crim. P. Rule 35(c), on June 6, 2011.   (ECF No. 10-2 at 13).   On September 26, 2011, the district court denied the motion as barred by the three-year state statute of limitations applicable to post-conviction attacks.   (ECF No. 10-17).   Applicant did not file a timely appeal of that order.   (ECF No. 10-4 at 3).

Mr. Cortez filed a second Rule 35(c) motion on December 9, 2011, that was denied summarily by the district court on January 31, 2012. (ECF No. 10-2 at 12-13). The Colorado Court of Appeals affirmed in *People v. Cortez*, 12CA0400 (Colo. App. April 11, 2013) (unpublished), concluding that Applicant's claims either were, or could have been, presented on direct appeal or in his first Rule 35(c) motion.   (ECF No. 10-4 at 3). Mr. Cortez filed a petition for certiorari review in the Colorado Supreme Court, which was denied on June 16, 2014.   (ECF No. 10-16).

Mr. Cortez initiated this action on June 15, 2015.   He filed an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on July 13, 2015, followed by a [Second] Amended Application on August 3, 2015.   He raises three claims in the [Second] Amended Application.

Respondents argue in the Pre-Answer Response that this § 2254 proceeding is barred by the one-year limitation period in 28 U.S.C. § 2244(d).   (ECF No. 10 at 4-9). Respondents further contend that two of Mr. Cortez's claims are procedurally barred. (*Id.* at 9-14).

**II.  AEDPA Time Bar**

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) provides:

(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of–

>   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws

>   of the United States is removed, if the applicant was
>   prevented from filing by such State action;
>
>   (C)   the date on which the constitutional right asserted was
>   initially recognized by the Supreme Court, if the right has been
>   newly recognized by the Supreme Court and made
>   retroactively applicable to cases on collateral review; or
>
>   (D)   the date on which the factual predicate of the claim or
>   claims presented could have been discovered through the
>   exercise of due diligence.
>
>   (2)   The time during which a properly filed application for State
>   post-conviction or other collateral review with respect to the pertinent
>   judgment or claim is pending shall not be counted toward any period of
>   limitation under this subsection.

28 U.S.C. § 2244(d).

### A.     Timeliness of Application

Mr. Cortez's state criminal judgment became final on Monday, February 6, 2011,[1] when the 90-day period to seek review in the United States Supreme Court expired, following the Colorado Supreme Court's November 8, 2010 order denying certiorari review.  *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). The one-year period therefore commenced on February 6, 2011.  *See Holland v. Florida*, 560 U.S. 631, 635 (2010).

The Court must next determine whether Mr. Cortez filed any state post-conviction motions that tolled the one-year limitation period.   Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending.   An application for post-conviction review is properly filed with the

---

[1] Because the 90th day was Sunday, February 5, 2011, Mr. Cortez had until Monday, February 5, 2011, to file his petition in the United States Supreme Court.  *See* S. Ct. Rule 30.1.

meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a post-conviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).

Mr. Cortez filed his first state post-conviction motion on June 6, 2011. The state district court denied the motion as time-barred under COLO.REV.STAT. § 16-5-402(1) (2015). (ECF No. 10-17). A state post conviction motion that is dismissed by the state court as filed outside of the state's statutory limitations period is not properly filed. *See Pace v. DiGuglielmo*, 544 U.S. at 408, 417 (2005) (holding that "time limits, no matter their form, are 'filing conditions'"; and, therefore, because the state court rejected the petitioner's state post conviction motion as untimely, it was not "properly filed" and petitioner was not entitled to statutory tolling under § 2244(d)(2)"). As such, the one-year period was not tolled by the filing of the June 6, 2011 Rule 35(c) motion.

Applicant filed his second Rule 35(c) motion on December 9, 2011.  At that time, 306 days had elapsed on the AEDPA time clock.  Although the second Rule 35(c) motion could have been denied as untimely, there is no indication in the limited record before the court as to the basis of the state district court's order.  The Court will not make assumptions, but instead finds that the filing of Applicant's second Rule 35(c) motion possibly tolled the one-year period, even if it was successive.  See Artuz, 531 U.S. at 10-11 (concluding that state procedural bars "prescrib[ing] a rule of decision for a court" confronted with certain claims previously adjudicated or not properly presented are not "filing" conditions for purposes of § 2244(d)(2)).

However, regardless of whether the second Rule 35(c) motion tolled the limitation period from December 9, 2011 to June 16, 2014, when Applicant's petition for certiorari review was denied by the Colorado Supreme Court, the Application is untimely.  The AEDPA one-year period expired in 2014, long before Mr. Cortez initiated this § 2254 proceeding on June 3, 2015.  Therefore, the Application is time-barred, unless equitable tolling applies.

**B.    Equitable tolling**

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons "in rare and exceptional circumstances." Gibson, 232 F.3d at 808 (internal quotation marks omitted); see also Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).  Equitable tolling may be appropriate if (1) the petitioner is actually innocent; (2) an adversary's conduct or other extraordinary circumstance prevents the petitioner from timely filing; or (3) the petitioner actively pursues judicial remedies but files a

defective pleading within the statutory period.   See *Holland*, 560 U.S. at 649; *Gibson*, 232 F.3d at 808.   Simple excusable neglect is not sufficient to support equitable tolling. *Gibson*, 232 F.3d at 808.   Furthermore, equitable tolling is appropriate only if the petitioner pursues his claims diligently. *Miller*, 141 F.3d at 978.   The petitioner must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978)).

Mr. Cortez does not allege any facts in the [Second] Amended § 2254 Application to meet his burden of demonstrating that equitable tolling is appropriate in this action.

The Court finds that the claims raised in the [Second] Amended § 2254 Application are time-barred.   The Court need not address Respondent's additional argument that two of Applicant's claims are procedurally barred.

### III.   Orders

For the reasons discussed above, it is

ORDERED that the [Second] Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 6), filed *pro se* by Richard R. Cortez, is DENIED because this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d).    It is

FURTHER ORDERED that this action is DISMISSED WITH PREJUDICE.   It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Cortez has not made a substantial showing that jurists of reason would find it debatable whether the jurisdictional and procedural rulings are correct and whether the underlying claims have constitutional merit. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Cortez files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED October 8, 2015, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court